UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:25-cr-23-MSS-AEP

JHONNY WILLIAMS RODRIGUEZ TIGRERO

## UNITED STATES' SENTENCING MEMORANDUM

The Court should sentence the defendant, Mr. Rodriguez Tigrero, to a term of imprisonment of 87 months. In support thereof, the United States provides the following:

## Factual Background

On January 6, 2025, while on patrol in the eastern Pacific Ocean, a maritime patrol aircraft detected a go-fast vessel (GFV) 245 nautical miles west of Ecuador in international waters. The U.S. Coast Guard Cutter James diverted to intercept the GFV. The GFV bore no indicia of nationality. It had four outboard engines and fuel barrels on deck.

The James launched a helicopter and a USCG boarding team on two smaller boats to intercept the GFV. Disabling fire was required to stop GFV. The helicopter crew saw the crewmembers jettison packages from the GFV and douse it in fuel.

When the boarding team reached the GFV, there were three men on board: Julio Adrian Reyna Sosa, Jhonny Williams Rodriguez Tigrero, and Jandrey Rodriguez Tigrero. The boarding team obtained positive control over the GFV, and

no one made a valid claim of nationality for the GFV. It was thus treated as one without nationality, subject to U.S. jurisdiction.

The boarding team recovered the jettisoned packages. There were over 40 bales with approximately 2161 kilograms of cocaine. Two narcotics identification tests were performed on the substances with positive results for cocaine. The boarding team also recovered a GPS device, a compass, and passports of Reyna Sosa and Rodriguez Tigrero from the jettison field.

The defendant willingly agreed to transport over 5 kilograms of cocaine aboard the GFV with his codefendant and others. The purpose of this agreement was to smuggle this cocaine through international waters and distribute the cocaine to other persons. The defendant knew that the bales onboard the GFV contained five (5) or more kilograms of cocaine and knew that the planned voyage was a drug smuggling venture.

## Procedural Background

On January 21, 2025, the grand jury returned a two-count indictment against defendants Julio Adrian Reyna Sosa, Jhonny Williams Rodriguez Tigrero, and Jandrey Velez Intriago. Doc. 1. One count of that indictment charged the defendants with conspiring to possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine. *Id.* That indictment also charged the defendants with possessing with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine. *Id.*

On June 30, 2025, Mr. Rodriguez Tigrero changed his plea, entering a plea of guilty to Count One of the indictment pursuant to a written plea agreement. Docs. 65, 59. This Court accepted his plea and adjudicated him guilty on July 24, 2025. Doc. 80.

## Presentence Investigation Report

The final version of the presentence report (PSR) for Mr. Rodriguez Tigrero was filed on September 10, 2025. Doc. 95. The final presentence report calculated a base offense level of 38 based on the weight of the cocaine. *Id.* at ¶ 18. Specific offense characteristics and a three-level acceptance of responsibility adjustment under USSG §3E1.1(a) and (b) were applied, resulting in a total offense level of 31. *Id.* at ¶¶ 19-27. Mr. Rodriguez Tigrero's criminal history was established to be Category I. *Id.* at ¶ 32. Based on a total offense level of 31 and a criminal history category of I, the guideline imprisonment range is 108 to 135 months. *Id.* at ¶ 54. The guidelines provide for a term of supervised release of between 2 to 5 years, a fine range of $30,000 to $10,000,000, and a $100 special assessment is mandatory. *Id.* at ¶ 57, 62, 61. The probation office did not identify any factors that would warrant departure from the applicable sentencing guideline range. *Id.* at ¶ 69. The probation office identified the following factors for the Court's consideration in determining whether a sentence below the advisory guideline range is warranted: The defendant's personal history and characteristics, specifically, defendant's poverty made him susceptible to recruitment for participation in the international drug smuggling venture. *Id.* at ¶ 70.

Neither the United States nor the defendant has any objections to the facts or calculations in the PSR.

## Sentencing Factors

Sentencing judges should apply the United States Sentencing Guidelines in arriving at an appropriate sentence, but application of the USSG is not mandatory. *United States v. Booker*, 543 U.S. 220 (2005). Accordingly, sentencing judges can exercise discretion in deviating from the USSG, if doing so would result in a reasonable sentence, taking into consideration other factors that Congress has enumerated in 18 U.S.C. § 3553(a).

Section 3553(a) requires that the sentence reflect:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant;
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the offense category in the guidelines;

(5) any pertinent policy statement issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Regarding the reasonableness of a USSG sentence, "'when the district court imposes a sentence within the advisory Guidelines range,'" the Eleventh Circuit "'ordinarily will expect that choice to be a reasonable one.'" *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quoting *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005)).

To arrive at an appropriate sentence, the district court must consider all the applicable Section 3553(a) factors. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). That does not mean, however, that it must give all the Section 3553(a) factors equal weight. Instead, the sentencing court "is permitted to attach 'great weight' to one factor over others." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 57 (2007)). The decision about how much weight to assign a particular sentencing factor is "committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (internal citation omitted).

The United States submits that an 87-month sentence is appropriate considering the nature and circumstances of the offense, the history and characteristics of the defendant, and other factors set forth under 18 U.S.C. § 3553(a). This case involves a serious drug trafficking offense and must be treated as such. Mr. Rodriguez Tigrero chose to participate in a conspiracy to transport millions of dollars of drugs aboard a three-person GFV. Had Mr. Rodriguez Tigrero and his co-conspirators successfully completed their mission, immense harm to

others could have arisen from the distribution and use of such a significant quantity of cocaine.

At the same time, Mr. Rodriguez Tigrero was driven to participate in the venture due to economic need, not greed. He began working at age 6 to earn money to help his family, and they only ate one meal per day. Doc. 95 at ¶ 37. As an adult, his work as a fisherman yielded at most a few hundred dollar a month. *Id.* at ¶ 50. Ten people reside in his home, which does not have plumbing or electricity. *Id.* at ¶ 41. As a result of these hardships, the United States believes a two-level downward variance from the applicable guidelines range is appropriate.

## **CONCLUSION**

For the reasons set out in this memorandum, the Court should deny any motion for a mitigating role reduction and sentence Mr. Rodriguez Tigrero to a term of imprisonment of 87 months.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Lauren Stoia*
Lauren Stoia
Assistant United States Attorney
United States Attorney No. 201
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Lauren.Stoia@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Danny Hernandez, Esq.

/s/ *Lauren Stoia*
Lauren Stoia
Assistant United States Attorney
United States Attorney No. 201
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Lauren.Stoia@usdoj.gov